HERBERT ARNOLD, Respondent, *v.* FAY WEIDMAN et al., Appellants.

Third Department, March 20, 1972.

*Coughlin, Dermody & Guy* (*Robert J. Smith* of counsel), for Fay Weidman, appellant.

*Charles J. Bellew* for Maude Weidman, appellant.

*James E. Higgins* for respondent.

GREENBLOTT, J. This is an appeal from an order of the Supreme Court at Special Term, entered September 23, 1971 in Broome County, which granted a motion to permit the service of an amended complaint.

By order dated and entered January 9, 1970, the Supreme Court dismissed the original complaint in this action, allowing respondent 20 days after service of the order to serve an amended complaint. On December 30, 1970, approximately one year later, service of an amended complaint was attempted. It was rejected as not being timely served. On January 4, 1971, counsel for both parties appeared before the Supreme Court and respondent moved for an extension of time to comply with the prior order. The court advised that a meritorious cause of action must at least be shown and requested affidavits and a proposed amended complaint. In June respondent contacted the court in person and requested that the decision be held pending the retention of another attorney, as he had discharged his original attorney.

Respondent thereafter retained new counsel and, on August 20, 1971, moved for leave to serve a new proposed amended complaint. In addition to stating that respondent had a meritorious cause of action, the affidavits submitted in support of the motion stated that the delay was due to respondent's reliance upon his

former counsel and that the delay of itself had not prejudiced appellants.

Despite being " cognizant of the case law holding that plaintiff cannot escape the consequences of the inexcusable delay of his attorney ", Special Term was motivated by the factors that " plaintiff's injury is very serious ", " the delay was in the service of an *amended* complaint which defense counsel always had reason to anticipate " and " there has been no showing of any prejudice to the defendants as a result of the delay ". It, therefore, granted the motion.

Although the power of a court to relieve a party from a prior order is discretionary (CPLR 5015), and some latitude will be afforded the court exercising its discretion, the party seeking to be relieved must show a valid excuse as well as a meritorious claim (see *Wall* v. *Bennett,* 33 A D 2d 827). No adequate excuse was here offered. A delay caused by an attorney's neglect is insufficient to excuse failure to comply with an order (see *Kriegsman* v. *Rosenfeld,* 35 A D 2d 693, app. dsmd. 29 N Y 2d 633; *Renne* v. *Roven,* 29 A D 2d 866; see, also, *Chicollo* v. *New York City Housing Auth.,* 31 A D 2d 546). We, therefore, find that the grant of the motion was an improvident exercise of Special Term's discretion.

The order should be reversed, on the law and the facts, without costs.

HERLIHY, P. J., STALEY, JR., SIMONS and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, without costs.